# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

4/10/2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CRIMINAL 05-00345JMS-01 |
| CASE NAME: | United States of America vs. Sanny Pacis Pacis |
| ATTYS FOR PLA: | Mark A. Inciong |
| ATTYS FOR DEFT: | Emmett E. Lee Loy |
| U. S. P. O: | Anne Shimokawa |

| | | | |
|---|---|---|---|
| JUDGE: | J. Michael Seabright | REPORTER: | Steve Platt |
| DATE: | 4/10/2006 | TIME: | 3:10 - 4:00 |

COURT ACTION:  Sentencing to Count 1 of the Information:
USA Motion for Downward Departure:

Defendant present with counsel Emmett Lee Loy.

Judge Seabright disclosed that he was employed at the U. S. Attorney's Office until May 16, 2005.  Judge Seabright explained Canon 3 (C) (1) and 3 ( C)  (1) (e) of the Code of Conduct for United States Judges and 28 U.S.C. Section 455.  Judge Seabright disclosed that he reviewed the entire case file in this matter and had no recollection, and did not believe, that he had contact with or participated in this matter while employed at the U. S. Attorney's Office.  Assistant U. S. Attorney Mark Inciong confirmed that Judge Seabright did not participate in this matter while employed at the U. S. Attorney's Office.  Counsel for defendant Emmett Lee Loy and defendant stated that they had no objection to Judge Seabright presiding over this matter.  The Court therefore found no basis for disqualification under the canon of ethics or he laws of the United States.

Defendant informed the Court that he is willing to waive 455(a).

Court found no basis for disqualification under 455(b) (3).

Governments Motion for Downward Departure GRANTED.

Defendants Motion for Downward Departure DENIED.

Allocution by the defendant.

Page 2
Criminal 05-00345JMS-01
U.S.A. vs. Sanny Pacis Pacis
April 10, 2006

Imprisonment 84 months.  Supervised Release 4 years under the following conditions:

1. That the defendant shall abide by the standard conditions of supervision.

2. That the defendant not commit any crimes, federal, state, or local (mandatory condition).

3. That the defendant not possess illegal controlled substances (mandatory condition)

4. That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than 15 valid drug tests per month during the terms of supervision (mandatory condition).

5. That the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

6. That the defendant shall cooperate in the collection of DNA as directed by the probation officer.

7. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

8. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

9. That the defendant participate in a mental health program at the discretion and direction of the Probation Office, including treatment for gambling.

10. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

11. Defendant is prohibited from participating in any form of gambling; being in the presence of any illegal or legal gambling; frequenting any business, residence, or area where gambling activities have occurred or are presently occurring; and associating

with any persons engaged in gambling or any known gamblers.

Page 3
Criminal 05-00345JMS-01
U.S.A. vs. Sanny Pacis Pacis
April 10, 2006

No fine imposed.

Special Monetary Assessment $100.

Advised of rights to appeal.

RECOMMENDATION:   That the defendant participate in the 500 Hour Comprehensive Drug Treatment Program.

That the defendant participate in mental health treatment related to gambling.

That the defendant participate in educational and vocational training programs.

MITTIMUS:   July 18, 2006 at 2:00 p.m.

Defendant will report to the U. S. Marshals Service in Honolulu, Hawaii.

Court added a new condition for bail: Defendant is prohibited from participating in any form of gambling; being in the presence of any illegal or legal gambling; frequenting any business, residence, or area where gambling activities have occurred or are presently occurring; and associating with any persons engaged in gambling or any known gamblers.

Submitted by:   Dottie Miwa, Courtroom Manager